## Bell *against* M'Clintock.

In an action for a nuisance created by obstructing a stream made navigable by law, if it appear that the injury to the plaintiff arose from causes which might have been foreseen, such as ordinary periodical freshets or the collection of ice, he, whose superstructure is the immediate cause of the mischief, shall be liable to damages.   But if the injury be occasioned by an act of Providence, which could not have been anticipated, the defendant would not be liable.

ERROR to the common pleas of *Venango* county.

Hamilton M'Clintock against Samuel Bell.   Action on the case for a nuisance.   The defendant erected a dam across Oil Creek, a stream made navigable by law, below the lands of the plaintiff, and the evidence established the fact, that, in the spring of the year, upon the breaking up of the ice in the stream, the strength of that upon the dam of the defendant impeded its progress so that it accumulated in large quantities and forced it out into the lands of the plaintiff, which were covered with drift wood and ice to his injury, and the question arose, whether the injury was such as entitled the plaintiff to recover damages from the defendant.

*Eldred,* president, instructed the jury in answer to the points put by each party; that if the injury to the plaintiff was occasioned by the defendant's dam, under ordinary circumstances, such as he might have anticipated when he erected it, he would be liable in this action, but if the injury proceeded from an extraordinary flood or an act of Providence, such as could not have been foreseen, the plaintiff would not be entitled to recover.   Verdict for plaintiff.

*Riddle,* for plaintiff in error, cited 4 *Watts* 437; 3 *Rawle* 84; 4 *Rawle* 9; 15 *Johns.* 213. 218.

*Pearson* and *Galbreath, contra,* cited 2 *Rawle* 83; 1 *Bin.* 463; 7 *Pick.* 76; 4 *Johns.* 80.

The opinion of the Court was delivered by

ROGERS, J.—The general rule of law is, that every man has a right to have the advantage of the flow of water, in its natural channel, in his own land.   But in using it the owner must so apply the water as to work no material injury or annoyance, to his neighbour either above or below him.   The maxim *sic utere tuo ut alienum non lædas,* applies with peculiar propriety to this class of cases.   By the act of the 23d of March 1803, Oil Creek is declared a public highway.   The owners of the land adjoining the stream

[Bell v. M'Clintock.]

are authorized to erect dams for mills, and other water works, and to keep the same in good repair, provided, that in erecting said dams and keeping them in repair, they shall not disturb the navigation; and provided, also, that they shall not infringe the rights or privileges of the owners or possessors of any private property on such stream. The act in these provisions incorporates the principles of the common law, and the only difficulty arises from the application of well settled principles to the facts of this case. The injuries of which the plaintiffs complain are of two descriptions. Those which arose from the ordinary freshets, and which are of common and periodical occurrence, and those which arose from the extraordinary floods of the years 1834 and 1835. The court ruled that the defendant was liable for all damage from the ordinary, common and expected floods of the season, but not for those occasioned by the uncommon, unexpected and extraordinary floods. In these positions the court is sustained by principle and authority. Streams of water are intended for the common use and benefit of mankind, but they must be so used as to work no material injury to the rights of others. When the plaintiff erected his dam he was bound to notice, not only its effect at the time, but its effect at all seasons of the year. In this stream, as well as all other large streams which fall into the Allegheny river, there are regular freshets or floods, which swell the volume of water, and thereby enable the inhabitants to raft down the river the various products of the country. They are expected, with considerable certainty, at fixed times and seasons. It was the duty of the plaintiff, with reference to this, which is at least of yearly occurrence, to calculate the immediate probable effects the dam would have at all seasons of the year on the property of his neighbour, above as well as below his erection. A neglect to use the necessary precaution or a miscalculation of its effects, where it works an injury to another, may be compensated in damages. But where the injury arises from some cause, out of the ordinary course, from some unusual cause, as for instance, from a flood or freshet, such as has been described by the witnesses, the owner of the dam is not liable to damages. It is *damnum absque injuria.* They are not such accidents as ordinary foresight or prudence can guard against, and for this reason a distinction has been taken, as to the liability of the party. In the case of the Lehigh Bridge Company *v.* The Lehigh Navigation Company, 4 *Rawle* 9, it is said, that if chargeable with no want of attention to its probable effects, a person is not answerable for consequences which it was impossible to foresee and prevent. When a loss happens exclusively from an act of Providence, it will not be pretended that it ought to be borne by him whose superstructure was made the immediate instrument of it. The concurrence of negligence with the act of Providence when the mischief is done by flood or storm, is necessary to fix the defendant with liability. When, however, the injury arises from

[Bell v. M'Clintock.]

causes which might have been foreseen and avoided, as in the cases of ordinary periodical freshets, it is but right that he whose super-structure is the immediate cause of the mischief should bear the loss. In that case there is the concurrence of negligence with the act of Providence, which, as it is seen, is the criterion of liability. We are of the opinion that the court was right, in the principles of law, given in charge to the jury, and that there was no error in the application of the principles to the points of the case.

Judgment affirmed.