## JOHN MEISTER
### v.
## NICHOLAS LANG.

*Real Property—Injury Caused by Water—Gutter—" Ordinary Rain"—Instructions.*

1. In an action on the case, brought to recover damages caused by the overflow of water from a gutter on the defendant's buildings, this court declines to interfere with a second verdict for the defendant, the verdict being supported by the evidence and there being no error in the instructions.

2. Ordinary rains are all such, whether heavy or light, as are usual and always to be expected in certain seasons, annually.

[Opinion filed May 25, 1888.]

IN ERROR to the Circuit Court of Logan County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. Beach & Hodnett, for plaintiff in error.

Messrs. Blinn & Hoblit, for defendant in error.

Conger, P. J.   This was an action on the case brought by plaintiff in error against defendant in error for damages caused, as it is alleged in the declaration, by defendant in error allowing the gutters upon his building to be out of order, thereby allowing the water to drip near to and against plaintiff in error's brick building and injuring the walls.

Upon the merits of the controversy two juries have found adversely to the claim of plaintiff in error, and we can not say that their finding is not supported by the evidence.

It is insisted that it was error to give the following instruction:

"For defendant the court instructs the jury that the law does not require the owner of a building to keep and maintain a gutter that will always, under all circumstances, carry off the water.   If the jury believe from the evidence that the gutter on Lang's building was sufficient to carry off the water that would fall on the roof of Lang's building in the usual and ordinary rainstorms, that would be a compliance with the law."

By ordinary rains are meant all usual and always to be expected rains, in certain seasons in each and every year; and by extraordinary rains, such as do not occur, nor are reasonably to be expected, annually.   McDoy v. Danby, 20 Pa. St. 85; Bell v. McClintock, 9 Watts, 119; Sprague v. City of Worcester, 13 Gray, 193; Ill. Cent. R. R. Co. v. Bethel, 11 Ill. App. 23.

This instruction is criticised as being misleading because it did not define what an ordinary rain was; and counsel say that *heavy* rains were those spoken of by the witnesses as causing the damage.

All rains, whether heavy or light, that may reasonably be expected to fall at certain seasons, would clearly come within the language and meaning of the instruction.   If plaintiff in error desired the jury to have a legal definition of ordi-

nary and extraordinary rains, it was his privilege to ask for
it; and because he did not, we see no reason why the court
should not use the word ordinary, in the instruction com-
plained of, without stopping to define its meaning.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*