Sisk *v.* Duffy et al., Appellants.

Argued April 17, 1963. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Roy F. Walters, Jr., with him Brandt, Riester, Brandt & Malone, for appellants.

Norman Paul Wolken and Harry W. Miller, with them Norman Landy, and Wolken & Landy, and Royston, Robb, Leonard, Edgecombe & Miller, for appellee.

OPINION BY MONTGOMERY, J., June 12, 1963:

In cross-actions in trespass based on a collision between an automobile owned and operated by Sisk, appellee, and another owned and occupied by Elizabeth C. Duffy but operated by her son, Charles J. Duffy, Jr. (appellants), Sisk sought compensation for personal injuries from both Duffys, and Elizabeth C. Duffy sought compensation from Sisk for damages to her automobile. The son was made an additional defendant in her action. By order of court the two actions were *consolidated for trial.*

The consolidated trial resulted in a compulsory nonsuit of Sisk's claim against Elizabeth C. Duffy and the following verdicts, viz.: (a) For Sisk against Charles J. Duffy for $1,250 in the action filed by Sisk, and (b) for Sisk and Charles J. Duffy, Jr., in the action filed by Elizabeth C. Duffy.

The Duffys filed one motion for a new trial in which they referred to themselves as "the defendants, and plaintiff Elizabeth C. Duffy and Charles J. Duffy, by Preston J. McDonnell, their attorney", which paper bore the caption of both cases but only the number and

term of the case in which Sisk was plaintiff. This motion referred to "inconsistent verdicts" and to errors in the trial of both cases. Except for the omission of the number and term of the second case, there would be no doubt that it was intended to cover both actions and to seek a new trial of both. No authority for such a motion has been brought to our attention in cases consolidated only for trial.

However, there is but one appeal before us which was taken by the Duffys jointly. It purports to be from orders entered in both cases. The record shows clearly that there was but one order entered. The lower court considered the motion for a new trial as being applicable only to the Sisk case, and the order refused a new trial in that case. Furthermore, there was only one judgment entered. That was on the verdict for Sisk against Charles J. Duffy, Jr.[1] No judgment was entered on the verdict for the defendants in the other case. Appeals are from judgments and not from orders refusing new trials; and, since verdicts and judgments remain separate in character in cases consolidated for trial, Anderson Pennsylvania Civil Practice §213.7; *Azinger v. Pennsylvania Railroad Company,* 262 Pa. 242, 105 A. 87; *Reeves v. The Philadelphia Gas Works Company,* 107 Pa. Superior Ct. 422, 164 A. 132, we must consider this appeal solely as that of Charles J. Duffy, Jr., from the judgment of Sisk against him. We shall treat as surplusage the inclusion of Mrs. Duffy as an appellant and non pros the appeal as to her as a misjoined party; see *Maguire v. Osborne,* 384 Pa. 430, 121 A. 2d 147.

Limiting our consideration of the matter in the manner just set forth, the only question remaining before us is whether Charles J. Duffy, Jr., is entitled to a new

---

[1] Mrs. Duffy had been exonerated in this case by the entry of a compulsory nonsuit.

trial because of an alleged inconsistency in the verdicts. The jury held him responsible for the accident in the Sisk case and exonerated him in the case of his mother.

One of the purposes of consolidating cases for trial is to prevent inconsistent verdicts, *Ason v. Leonhart,* 402 Pa. 312, 165 A. 2d 625; and if verdicts are inconsistent *on the facts of the case,* new trials are justified. *Nelson v. Duquesne Light Company,* 338 Pa. 37, 12 A. 2d 299; *Elser v. Union Paving Company,* 167 Pa. Superior Ct. 62, 74 A. 2d 529. However, the lower court, in the present case, found there was no inconsistency, although an initial consideration of the matter might lead to the reasonable conclusion that there was.

The view taken by the lower court was proper. It said, ". . . it is not unreasonable to assume that the jury found in his favor in the second case because he was the plaintiff's son or because there was no actual damage proven." The second reason is a recognized one for reconciling the verdicts. When a plaintiff fails to establish damages in a tort action the defendant is entitled to a verdict although guilty of negligence. *Kirby v. Carlisle,* 178 Pa. Superior Ct. 389, 116 A. 2d 220. See also *Watkins v. Myers,* 12 N.J. 71, 95 A. 2d 705.

In the case of Elizabeth C. Duffy v. Edmond T. Sisk and Charles J. Duffy, Jr., the appeal is non prossed. In the case of Edmond T. Sisk v. Elizabeth C. Duffy and Charles J. Duffy, Jr., the judgment is affirmed.