## Leftheris v. Robinson

*Albert E. Acker*, for plaintiffs.
*Bernard Goldstone*, for defendant.

McKAY, J., April 28, 1965.—At the pretrial conference of the above-entitled case of Leftheris v. Robinson, it developed that there is a case pending of Robinson v. Leftheris to recover property damages in the amount of $103, growing out of the same accident. The question arose whether the cases should be consolidated for trial and, if so, which party would have the right to the closing argument to the jury.

The arbitration statute, Act of June 16, 1836, P. L. 715, as amended, 5 PS §30 and Rule 1(a) of the Mercer County Rules of Court require that all cases where the amount in controversy shall be less than $2,000 shall be submitted to and heard by a board of arbitration. Under this rule, the property damage case of Robinson v. Leftheris should be heard by arbitrators. On the other hand, Pennsylvania Procedural Rule 213(a) provides,

"When actions involving a common question of law or fact are pending before the court, the court on its own motion . . . may order a joint . . . trial of any or all the matters in issue in the actions, may order all of the actions consolidated, and may make such orders

concerning proceedings therein as may avoid unnecessary costs or delay."

The statute and rule 213(a) conflict.

As we construe the rules, it is their intention that actions be consolidated for trial, in the discretion of the court when they raise common factual questions. It is true that in the case of Shalamanda v. Laudeman, 18 D. & C. 2d 734, the court, in the exercise of its discretion, disallowed an application for consolidation of two actions where the exact question here raised was presented. In our opinion, however, in the instant case, the consolidation should be directed. One of the purposes of consolidation is to prevent inconsistent verdicts: Sisk v. Duffy, 201 Pa. Superior Ct. 213. It also saves the time of the parties and costs. In the instant case the property damage claim is actually less than what it will cost the county to have it heard by arbitrators.

The question of which party shall have the right to make the closing argument to the jury will be left until the time of trial. The decision on this question is discretionary with the court. At this moment, it would appear that the proper procedure would be for Robinson in the property damage to open the case to the jury and to subsequently have the opening argument, and the attorney for Leftheris have the closing argument. Unless some compelling reason arises for a different decision at the time of trial, that course should be followed.

ORDER

Now, April 28, 1965, it is ordered that the cases of Stella Leftheris and Peter Leftheris v. Lester Robinson, September term, 1964, no. 149, and Lester D. Robinson v. Stella K. Leftheris, June term, 1964, no. 9, be consolidated for trial and be tried at the May, 1965, term of common pleas court.