Kessler, Appellant, v. Matlack.

Argued June 15, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Maurice S. Levy,* for appellant.

*John S. Bolger,* for appellees.

*Henry J. Lotto,* for appellee.

OPINION PER CURIAM, September 15, 1967:
Judgment affirmed.

---

DISSENTING OPINION BY MONTGOMERY, J.:

The basis for this action of trespass was an automobile accident involving three cars, all traveling in the same direction. The first one was operated by appellant Kessler, the second by Mr. Matlack and the third by Leibowitz. The accident was described by the witnesses as follows.

Bernice Kessler testified she was on the right side of a two-lane highway, traveling about 20 miles per hour when the Matlack car hit the rear of her car. Mr. Matlack testified the Kessler car was to his left, when she cut in front of him and stopped some three car lengths ahead; that he was struck in the rear by the Leibowitz car and pushed into the rear of the Kessler car. Leibowitz testified he observed the Kessler and Matlack cars continually, that the Kessler car was at all times on her right, and she did not stop; that Matlack struck Kessler in the rear, that he tried to swerve to the left but could not avoid hitting the side of the Matlack Volkswagen bus with his right fender.

Mrs. Kessler entered this action against the Matlacks, who in turn brought in Leibowitz as an additional defendant. Matlacks entered another action against Kessler and Leibowitz in which Mr. Matlack was subsequently brought in as an additional defendant. The two actions were consolidated for trial purposes with the following results:—In the action brought by Kessler there was a verdict for the defendants and additional defendant. In the other action Mrs. Mat-

lack recovered a verdict of $550 against her husband alone. This was an improper verdict and should have been stricken on the authority of *Daly v. Buterbaugh*, 416 Pa. 523, 207 A. 2d 412 (1964), and *Kiser v. Schlosser*, 389 Pa. 131, 132 A. 2d 344 (1957).

Only the action brought by Kessler is before us, no appeal having been taken in the Matlack case. The only question raised in this appeal is whether the verdicts referred to above are inconsistent as to compel a new trial. Kessler argues that there is an inconsistency because Mr. Matlack was found to be negligent in his wife's case and not in the Kessler case, whereas Mrs. Kessler was held not negligent in the Matlack case and therefore could not be denied recovery in her case because of any contributory negligence.

Had the jury not returned the improper verdict in favor of Mrs. Matlack against her husband alone, no apparent inconsistency would have existed. However, if that verdict is stricken as previously suggested, the jury's inconsistent view of the liability feature of the case remains. Nevertheless it is apparent that the jury found Mr. Matlack solely responsible for the accident. On this finding Mrs. Kessler should have recovered a verdict against him in order to make the two verdicts consistent. Such inconsistency cannot be overcome or removed by the argument used in the case of *Sisk v. Duffy*, 201 Pa. Superior Ct. 213, 192 A. 2d 251 (1963) (i.e., no damages were proved), because in this case damages to the Kessler car were admitted by all parties and the jury should not have been permitted to ignore them.

We are not persuaded by the argument of appellees Matlacks, that because the Matlack case was not appealed we may not consider the effect of that verdict. The prejudice to appellant was due to the failure of the trial judge in not recognizing the inconsistency of the two verdicts and referring the matters back to the jury

as suggested in *Ason v. Leonhart*, 402 Pa. 312, 165 A. 2d 625 (1960). That inconsistency was part of the record and affected both cases. Therefore, the fact that no appeal was taken in the Matlack case would not prevent us from considering a matter which was part of the record in the case of Mrs. Kessler, this appellant.

However, there is no inconsistency in the verdicts as to Leibowitz. He was exonerated in both cases.

One of the purposes of consolidating cases for trial is to prevent inconsistent verdicts, and when verdicts are inconsistent a new trial should be granted. *Sisk v. Duffy,* supra. In the present case a new trial is required to determine the liability of Mr. Matlack to Kessler. However, since Leibowitz has been exonerated in both cases it should not be granted as to him.

Should a new trial result in a verdict for defendant Matlack it will present an anomalous situation since such a verdict will still be inconsistent with the present verdict in the other case in favor of Mrs. Matlack against her husband. However, if the Matlack verdict is stricken that should dispose of that objection. Regardless of that situation the limited new trial is necessary to assure justice being done.

I would reverse the judgment in favor of James C. Matlack and grant a new trial in which Bernice Kessler is plaintiff and James C. Matlack[1] alone is the defendant.

ERVIN, P. J., and HOFFMAN, J., join in this dissenting opinion.

---

[1] Although Marian C. Matlack was named as an original defendant on allegations that she was a joint owner with her husband of the vehicle in which she was riding, and that it was being operated by her agent, she should not be included as a party defendant in the new trial because of the lack of evidence to establish such facts. The lower court directed a verdict in her favor as a defendant for that reason, which should not be disturbed.