## Phillips v. Bailey

*Andrew S. Wade,* for plaintiffs.
*William E. Molchen, II,* for defendant.

GAWTHROP, *J.,* October 2, 1978—The issue in this case is whether plaintiff-landlords' complaint in ejectment, seeking possession of a certain lot in their trailer park, as well as damages for waste, may be consolidated under Pa.R.C.P. 213 with a complaint in assumpsit seeking payment for rent for use and possession of that same lot, or whether such consolidation is precluded by Pa.R.C.P. 1055, which reads: "The plaintiff may state in the complaint any cause of action for profits for the use of or damages for injury to the land." Adopted June 25, 1946, effective January 1, 1947. We find in favor of consolidation.

## HISTORY OF CASE

These matters originated before District Justice Carl Henry through the filing of a landlord-tenant complaint, in which monetary damages for rent and waste were sought, in addition to possession. District Justice Henry found in favor of plaintiffs, and this appeal de novo to the court of common pleas followed.

Plaintiffs' initial complaint in ejectment, seeking possession, damages for waste, and accrued rent,[1]

---

1. Defendant, in her petition to proceed in forma pauperis, dated June 7, 1978, lists under "Debts: $845.00—Rent."

was preliminarily objected to, alleging improper joinder in violation of Rule 1055. Plaintiffs thereafter filed an amended complaint in ejectment seeking possession and damages for waste, and commenced an action in assumpsit seeking payment for back rent. These two actions they seek to consolidate under Rule 213,[2] alleging common questions of fact and law, involvement of the same parties, and the same lease.

At oral argument, although defense counsel conceded that many of the factual and legal issues are synonymous,[3] he vigorously urged that Rule 1055

---

2. Rule 213 states in pertinent part: "(a) When actions involving a common question of law or fact are pending before the court, the court on its own motion or on motion of any party may order a joint hearing or trial of any or all the matters in issue in the actions, may order all of the actions consolidated, and may make such orders concerning proceedings therein as may avoid unnecessary costs or delay. (b) The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim, or counterclaim, set-off, or cross-suit, or of any separate issue, or of any number of causes of action, claims, counter-claims, set-offs, cross-suits, or issues."

3. He did not so concede in his answer to the petition. There he denied, for example, that both actions involve the same lease and the same parties, and that the assumpsit and ejectment actions are still pending. This sworn denial he based upon the reasoning that "no further answer is deemed necessary because the averment is irrelevant." There is no legal basis for such a manner of pleading. At most the matter is *deemed* denied if proof thereof is demanded and the pleader states either (1) that after reasonable investigation he is without knowledge or information sufficient to form a belief as to the truth of the averment, or (2) that he is without such knowledge or information because the means of proof are within the exclusive control of an adverse party or hostile person: Pa.R.C.P. 1029. To deny that which one knows to be true is not to be condoned.

prohibits plaintiffs' joining with the ejectment action anything further than a prayer for mesne profits, contending that any additional joinder would unlawfully thwart the spirit and letter of that rule. When asked what prejudice defendant would suffer should there be consolidation, defense counsel reiterated the bald alleged violation of Rule 1055, and stated further that such joinder would make the matter prejudicially overly complex.[4]

## DISCUSSION

Preliminarily, we note that defendant's reliance upon Rule 1055 is misplaced, in that through plaintiffs' acquiescence in the preliminary objections, each separate complaint is in compliance with the language of that rule. The rule does not speak of what may be stated in a piece of litigation or in a trial, but only of what plaintiff may state in the complaint. Here, plaintiffs' severance of the rent and ejectment aspects of the single complaint into two separate complaints complies.

Secondly, looking at the language and purpose of Rule 213, this litigation would seem to epitomize

---

4. When further asked by the court whether the real prejudice to the defendant resulting from consolidation would be a speedier resolution of the issues than defendant might desire, this was heatedly denied by defense counsel, who stated that defendant would be pleased to have the matter speedily litigated just as soon as she could find a new place to live. Without in any way passing upon the propriety of the procedural foreplay in this matter, we note with interest the recent statutory expansion of taxable costs to include "as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter." Judicial Code, 42 Pa.C.S.A. §§2503(7), 1726(1).

the worthy purpose of that rule and the mischief to be remedied thereby. To twice litigate the issue of whether defendant has paid rent, for example, both in the context of whether there is a failure to pay which calls for ejectment, and whether there is a failure to pay calling for payment, would not only redundantly squander the time of court and counsel, cause additional and unnecessary court costs and arbitrators' and counsel fees, and generally delay the matter, it would run the risk of inconsistent verdicts. One of the purposes of joint trial or consolidation is to prevent inconsistent verdicts: Sisk v. Duffy, 201 Pa. Superior Ct. 213, 192 A. 2d 251 (1963). When such inconsistency occurs, a new trial or trials is required: Fisher v. Dye, 386 Pa. 141, 125 A. 2d 472 (1956); 1 Goodrich-Amram 2d §213(a):1.1.

As for defense counsel's suggestion of prejudicial complexity, we believe that argument verges on the frivolous. See, for example, the cases annotated under 1 Goodrich-Amram 2d §213(a):10.3. This litigation is nothing more than a rather simple landlord-tenant action, and the inclusion of the rent reimbursement issue hardly renders it incomprehensible.

Accordingly, we find that the matters are properly amenable to consolidation in one hearing or trial.

This finding would seem bolstered by our conclusion that the cause of action for rent could, in fact, have been included in the original ejection complaint. Traditionally, a plaintiff has been permitted to sue for mesne profits and for damage to the land along with ejectment: 12 P.L.E. 567, §81. This raises the question as to what, exactly, are mesne

profits? Black's Law Dictionary (4th ed. rev'd.) defines them as: "profits derived from land, while the possession of it has been improperly withheld; that is, the yearly value of the premises." Does that definition with its seemingly rental ring,[5] in fact encompass rent? We believe that it does.

In Huston v. Wickersham, 2 W. & S. 308, 314 (1841), an action to recover mesne profits, the Supreme Court said that and more: "That more than the base rent or yearly value of the premises may be recovered in this action, is well settled. See Goodtitle v. Tombs, (3 Wils. 118, 121); 3 Yeates 13." This concept has been more recently recognized in Snook v. Eckley, 47 D. & C. 2d 233, 238 (1969). There, President Judge Lehman allowed the joinder by separate count of a claim for mesne damages with a count in ejectment. In so doing, he defined the measure of damage for the unlawful use and occupancy of the land to be the fair rental of the land. See also Wise v. Wise, 5 Chester 78, 79 (1952).

Although the argument might be made that this language follows more along quantum meruit lines than the contractual rental rate, it nevertheless undeniably has the sound of assumpsit.

In her effort to force separate trials of the rent and ejectment suits, defendant seeks to rely upon Hanson v. Wintersteen, 32 D. & C. 2d 138 (1963), and Sheehan v. Baldino, 5 D. & C. 2d 743 (1955), in which a contrary result was reached. Those cases, however, seem to turn on the assumpsit label of the suit for rent versus the tortious basis of the posses-

---

5. Certainly, the language of Rule 1055 itself, referring to "profits for the use of . . . the land" sounds very much like "rent."

sory ejectment action, which is essentially ex delicto. The reasoning there appropriately followed the proscription, then in existence, of joinder of a cause of action in contract with trespass. The law, of course, has changed: "No election of remedies between assumpsit and trespass shall be required at any time. All causes of action shall be tried together, unless otherwise ordered by the court. . . ." Pa.R.C.P. 1020(d)(3), as amended January 7, 1971, effective February 15, 1971. The reason for the result in those cases having changed, so also should their precedential effect.

Finally, we note that by statute the law of mesne profits has an additional import and application at bar. Plaintiffs at trial are not restricted to recovering only the amount of damages or rent sought in the complaint, but may properly claim the amount accruing up until the time of trial, provided they give at least 15 days' notice that they propose so to do[6]: Narzisi et al. v. Allentown-Bethlehem Gas Company, 32 Northumb. 41, 46 (1948).

The purpose of the Act of May 2, 1876, was early recognized by our Supreme Court:

"When we consider the old law, the mischief and the remedy, it is very evident the object of the Act

---

6. "In all actions now pending, or hereafter to be brought, for the recovery of damages or mesne profits, it shall be lawful for the plaintiff at any time, not less than fifteen days before trial, to give notice to defendant or his attorneys that he proposes to claim damages or mesne profits up to the date of trial of such suit, and on such trial the plaintiff may recover such damages or mesne profits, not barred by the statute of limitations, to the time of such trial, as may be warranted by law and the evidence." Act of May 2, 1876, P.L. 95, sec. 1, 12 P.S. §1557.

last referred to was to avoid multiplicity of suits, by giving the plaintiff in this class of cases the right to recover damages up to the day of trial. Formerly damages of the kind complained of, suffered between the impetration of the writ and time of trial, could only be recovered in a second suit. This was considered a defect in the law which the Act was intended to remedy." Humphrey v. Irvin, 18 W.N.C. 449, 6 Atl. 479, 480, 4 Cent. Rep. 689, 43 L.I. 436 (1886).

More recently, in Richards v. Christman, 40 D. & C. 2d 196 (1966), President Judge Eppinger, in his scholarly analysis of the common law antecedents to that act, quotes at 199, Dawson v. McGill, 4 Wharton 229 (1839), where our Supreme Court stated in this context: "[I]t would be idle to stop short of full relief; and we are bound to allow profits to be recovered for the time which has preceded the verdict."

In short, we conclude that not only should these suits seeking rent, waste, and ejectment be consolidated, but they need not have been severed in the first instance. We believe this result to be in conformity not only with statute and case law, but with common sense, and sound judicial economy.


## ORDER

And now, October 2, 1978, after argument, the rule to show cause why the prayer of the petition to consolidate the action in ejectment with the action in assumpsit should not be granted is made absolute, and it is ordered and directed that the same are hereby consolidated.