Levenson et ux., *v.* Lustman, Appellant.

Argued April 19, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Ralph S. Croskey,* with him *Croskey & Edwards,* for appellant.

*Peter P. Zion,* with him *Leonard Green,* for appellees.

OPINION BY MR. JUSTICE BELL, June 26, 1950:

This case involved a right angle collision on a two-way highway. The jury returned a verdict in favor of the plaintiff and the defendant appealed from the refusal of the motion for judgment n. o. v. as to the husband's verdict. The facts as disclosed by plaintiff's testimony are as follows:

The plaintiff's automobile, driven by his chauffeur, was struck and very badly damaged by defendant's car at about 1 o'clock p.m. on October 27, 1947. Plaintiff's car was going south on Raynham Road in Merion, Pennsylvania, approaching City Line Avenue. When plaintiff's driver was about 400 feet from the north curb line of City Line Avenue, he was traveling about 25 miles an hour but, because of a red light at the intersection, reduced his speed. When he was 100 feet from the intersection, the traffic light changed to green in his favor and remained green until after the accident. Because of the curve in Raynham Road and the fact that there were bushes at the corner on the left-hand side of Raynham Road, plaintiff's driver slowed down to about 5 miles an hour. The first time he could see traffic traveling from his left, west on City Line Avenue, was when he was approximately 2 feet south of the curb line of City Line Avenue. At that point he looked to his left and saw defendant's car about 200 feet from the intersection of City Line Avenue and Raynham Road. The only car then in sight was defendant's car which, according to the only evidence on this point, was approaching at 40 to 50 miles an hour. Plaintiff started across the intersection, driving at the rate of about 15 miles an hour. Before the front part of his car reached the center of City Line Avenue, he looked to his right for traffic coming from that direction. There was none. Plaintiff then looked to his left for traffic

coming from that direction. He saw defendant coming toward the intersection, straddling the center line of City Line Avenue and going about 40 to 50 miles an hour. The light was still green in favor of the plaintiff and red against the defendant. Plaintiff, sensing that defendant's car, coming at such speed, was not going to stop for the red light, attempted to increase his speed and swerved to the right. When the front of plaintiff's car was about three-quarters of the way across City Line Avenue and all but approximately 3 feet of his car had passed beyond the middle line of City Line Avenue, the defendant's car went through the red light and struck plaintiff's car on its left rear wheel. The defendant's car swerved to the left; finally came to a stop with its front on the curb at the south-east corner of Raynham Road (then called 59th Street) and City Line Avenue.

The law is well settled that on a motion for judgment n. o. v. the testimony must be considered in the light most advantageous to the plaintiff. He must be given the benefit of every fact and every reasonable inference of fact arising therefrom and any conflict in the evidence must be resolved in his favor: *Rich v. Petersen Truck Lines, Inc.*, 357 Pa. 318, 319, 53 A. 2d 725; *Welch v. Sultez*, 338 Pa. 583, 590, 13 A. 2d 399; *Ashworth v. Hannum*, 347 Pa. 393, 395, 32 A. 2d 407.

Defendant was admittedly negligent. He contends plaintiff tested a manifest danger and therefore was guilty of contributory negligence as a matter of law. The driver of an automobile has a right to presume that ordinary care will be used to protect him and his property from injury; he is not required to anticipate and guard against the want of ordinary care on the part of another, or assume that another will flagrantly run through a red light. The question of plaintiff's contributory negligence, if any, was, under the facts in this case, manifestly a question for the jury: *Davis et ux. v.*

*American Ice Co.,* 285 Pa. 177, 131 A. 720; *Wagner v. Philadelphia Rapid Transit Company,* 252 Pa. 354, 97 A. 471; *Dunn v. Philadelphia Rural Transit Company,* 111 Pa. Superior Ct. 102, 169 A. 258; *Graff v. Scott Brothers, Inc.,* 315 Pa. 262, 172 A. 659; *Sommer v. Blacka,* 153 Pa. Superior Ct. 643, 34 A. 2d 830.

Judgment affirmed.