## McDonald *v.* Ferrebee, Appellant.

544

Argued January 9, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*James J. Gallagher*, with him *Gallagher and Gallagher*, for appellants.

*Cletus C. Kilker*, with him *Raymond L. Brennan*, and *Guy A. Bowe, Jr.*, for appellee.

OPINION BY MR. JUSTICE BELL, March 19, 1951:

Plaintiff recovered a verdict against defendants in the amount of $13,000., for serious and permanent injuries to his legs and back. Defendants appealed, contending (1) that there was no evidence of negligence; (2) that the plaintiff was guilty of contributory negligence as a matter of law; and (3) that the court erred

in its charge to the jury. We shall examine the testimony, as we must on a motion for judgment n.o.v., "in the light most advantageous to the plaintiff. He must be given the benefit of every fact and every reasonable inference of fact arising therefrom and any conflict in the evidence must be resolved in his favor: Rich v. Petersen Truck Lines, Inc., 357 Pa. 318, 319, 53 A. 2d 725; Welch v. Sultez, 338 Pa. 583, 590, 13 A. 2d 399; Ashworth v. Hannum, 347 Pa. 393, 395, 32 A. 2d 407": *Levenson v. Lustman,* 365 Pa. 244, 246, 74 A. 2d 134.

Plaintiff was employed as a truck driver by an independent contractor to haul coal from a stripping pit on the property of the Buck Run Colliery Co. On March 29, 1944, at 7:30 o'clock a.m., he drove his loaded truck from the bottom of the pit to a road which extended on an ascending grade for a distance of approximately 300 feet. The road was 20 feet wide. Plaintiff drove a distance of only 4 feet along the road when his truck broke down. A coemployee placed a rock under the left rear wheel and the plaintiff placed another rock under the right rear wheel. Plaintiff then went to the shop for a mechanic. Panak, a coemployee, drove his loaded truck up the same grade, but while attempting to pass on the left of plaintiff's truck, got mired in the mud. Both trucks were accordingly disabled, side by side, and of course blocked the pit road.

In about an hour plaintiff returned with a mechanic. Plaintiff lay on his back underneath his disabled truck in an attempt to repair it. While in this position plaintiff could not see either forward or backward. Plaintiff knew that a bulldozer was available, nearby, to aid, among its other duties, a disabled vehicle if and when requested to do so by the driver thereof. Shortly thereafter the bulldozer came along

this road and Panak waved the operator to come forward to push, not plaintiff's, but his, truck. When Panak waved to Ferrebee the bulldozer was about 8 feet from the back of Panak's truck but to the right of Panak's truck. Panak then got inside his truck expecting to be pushed. Panak's engine and the engine of plaintiff's truck were still running. Plaintiff was on his back and he did not see or hear the bulldozer (nor did the mechanic working with plaintiff); and the operator of the bulldozer did not see plaintiff or know of his presence underneath the truck. Ferrebee, evidently mistaking Panak's aforesaid signal and without looking to see where the driver of plaintiff's truck was or whether anyone was under plaintiff's truck or in a position of danger, brought the bulldozer into contact with the rear of plaintiff's truck, and pushed it about one foot; the rear wheels of plaintiff's truck when pushed by Ferrebee, ran over and broke plaintiff's legs.

Under these facts and circumstances we are convinced that the question of the defendants' negligence and plaintiff's contributory negligence were clearly for the jury: *Bailey v. Alexander Realty Co.*, 342 Pa. 362, 368, 20 A. 2d 754; *Levenson v. Lustman*, 365 Pa. 244, 246, 74 A. 2d 134; *Rea v. Pittsburgh Railways Co.*, 344 Pa. 421, 25 A. 2d 730.

Appellant complains of one sentence in the charge of the court: "The plaintiff's negligent exposure of himself to danger . . . is a legally contributing cause of the harm if, but only if, it is a substantial factor in bringing about the harm." There is not the slightest doubt that a plaintiff is guilty of contributory negligence and cannot recover if his negligence contributed in any degree, however slight, to the injury: *Grimes v. Yellow Cab Co.*, 344 Pa. 298, 304, 25 A. 2d 294; *McFadden v. Pennzoil Co.*, 341 Pa. 433, 436, 19 A. 2d 370;

*Robinson v. American Ice Co.*, 292 Pa. 366, 369, 141 A. 244; *Goff v. College Hill Borough*, 299 Pa. 343, 347, 149 A. 477.

When the trial judge at the conclusion of his charge, asked counsel if they wanted him to enlarge on anything or if he had made any mistakes, defendant merely said: "While Your Honor has defined negligence and contributory negligence in general terms, we believe that the Court might define the rule both as to negligence and contributory negligence *as it relates to licensees, . . .*". Defendants took only a general exception to the charge of the court without calling the court's attention or taking a specific exception to the error which they now allege. Under these facts they cannot now be heard to complain. What this Court said in *Giannone v. Reale*, 333 Pa. 21, 24, 3 A. 2d 331, speaking through Mr. Justice (now Chief Justice) DREW, is particularly appropriate: "Even though isolated portions of the charge may be the subject of criticism, the charge must be considered as a whole, and if, when so considered, the issues are fairly put before the jury, the judgment will not be reversed: Casey v. Siciliano, 310 Pa. 238. Furthermore, the criticized instruction was not specifically excepted to; but the attempt is now made to object to it under the general exception which appellant made to the court's charge. It was an error which could easily have been corrected at the trial, and would have been if counsel had called attention to it or taken a specific exception. A proper administration of justice requires that new trials be not granted on errors which counsel had ample opportunity to correct. It is only when errors are basic and fundamental and cannot be corrected at the trial that this Court will consider them under a general exception: Medvidovich v. Schultz, 309 Pa. 450; Whitton v. H. A. Gable Co., 331 Pa. 429." See to the

same effect: *Steele v. France*, 363 Pa. 165, 167, 69 A. 2d 368; *Susser v. Wiley*, 350 Pa. 427, 431, 39 A 2d 616; *Commonwealth v. Moyer*, 357 Pa. 181, 200, 53 A. 2d 736.

In the present case the court, just before the sentence to which defendants object, charged the jury "If you come to the conclusion that the plaintiff's negligence contributed *in any degree* to the happening of the accident, your verdict must be for both defendants." We have read the entire charge of the court, and read and considered as a whole it contains no reversible error. We have considered all of defendants' other contentions but deem it unnecessary to discuss them.

Judgment affirmed.