Volk, Appellant, *v.* Cacchione.

Argued October 1, 1958; reargued March 18, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*John A. Spaeder,* with him *Will J. Schaaf,* and *Marsh, Spaeder, Bauer, Spaeder & Schaaf,* for appellant.

*Frank B. Quinn,* with him *Quinn, Leemhuis, Plate & Dwyer,* for appellee.

OPINION BY MR. JUSTICE BELL, May 8, 1959:

The question involved is narrow: Did plaintiff prove that young Chris DeGeorge was the named insured or if not, was the automobile driven with the permission of the named insured?

On May 26, 1950, East High School in Erie, Pennsylvania, was holding its annual Senior Prom at the Masonic Temple in Erie, Pennsylvania. Attending the prom were Robert Volk, Norman Cacchione, 18 years old, and Chris DeGeorge, 19 years old. Because his

own car was out of order, Cacchione and his date (girl friend) went to the dance in an automobile driven by one John Maries. Besides Maries and Cacchione and their dates, there were two other couples, making a total of eight persons in the Maries car. At the dance, Cacchione complained to his friend, Chris DeGeorge, about the crowded conditions in the Maries car. In order to help out Cacchione, young Chris DeGeorge consented to let Cacchione take the car which he, DeGeorge, had been using and DeGeorge said he and his girl would ride home with a friend. After the dance Cacchione drove the DeGeorge car, accompanied by Volk and their respective dates, to the Van Buren Inn in the State of New York, approximately 45 miles away. They arrived at the Inn in the early hours of the morning and found it closed. On the way back, Cacchione fell asleep at the wheel and negligently demolished the car, as a result of which Robert Volk was killed. Mrs. Volk, as administratrix of her son's estate, recovered a verdict of $10,858 against Cacchione. Cacchione's insurance company paid Mrs. Volk $5,000, the limits of its policy. Mrs. Volk then brought in the defendant insurance company by garnishment proceeding. The jury found for plaintiff; the lower Court granted defendants' motion for judgment n.o.v.; and from this judgment plaintiff took this appeal.

Defendant's liability depends on a policy issued by it to "Chris DeGeorge" on the 1941 Oldsmobile which was driven by Cacchione. The insurance company agreed by its policy "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury [and injury to property] caused by accident and arising out of the ownership, maintenance or use of the automobile . . . the word 'insured' includes the named insured and also includes any person while using the

automobile . . . provided the actual use of the automobile is by the named insured or with his permission . . .". This is the clause under which plaintiff seeks to hold defendant liable for the balance of her verdict against Cacchione.

It is of course hornbook law that on an appeal from the entry of a judgment n.o.v., we must examine the testimony " 'in the light most advantageous to the plaintiff. He must be given the benefit of every fact and every reasonable inference of fact arising therefrom and any conflict in the evidence must be resolved in his favor: Rich v. Petersen Truck Lines, Inc., 357 Pa. 318, 319, 53 A. 2d 725; Welch v. Sultez, 338 Pa. 583, 590, 13 A. 2d 399; Ashworth v. Hannum, 347 Pa. 393, 395, 32 A. 2d 407': Levenson v. Lustman, 365 Pa. 244, 246, 74 A. 2d 134": *McDonald v. Ferrebee,* 366 Pa. 543, 545, 79 A. 2d 232.

With this familiar rule in mind, the foregoing facts and the following facts may be taken as established. Mr. DeGeorge and his son were each named "Chris DeGeorge". In 1947, Chris DeGeorge, (Sr.) purchased a 1941 Oldsmobile, the car in question, from Clarence Ripley. Title to the car was registered in the name of Chris DeGeorge. Mr. DeGeorge paid for both the car and the policy of insurance which was issued by defendant on said car on August 12, 1947, and the policy which was applicable at the time of the accident. Plaintiff further proved that the insurance company made its adjustment with and paid Mr. DeGeorge (Sr.) for the damage to his automobile.

Young Chris lived with his father, and he and Cacchione worked for Mr. DeGeorge as apprentice plasterers. Young DeGeorge and Cacchione were close friends. Cacchione often drove the car when he and young DeGeorge went out socially or when young DeGeorge was tired, and occasionally drove it alone with

young DeGeorge's permission. Cacchione frequently used the car, when young DeGeorge was in it, to learn to drive, and also used it when he took his test to get a driver's license in Erie.

Cacchione testified that he had never been informed that he could not drive this car, and further testified that on several occasions he drove it with the knowledge of Mr. DeGeorge *when the younger DeGeorge was with him in the car.* He also testified that Mr. DeGeorge sent him on several occasions down to the store to buy milk or pop or something like that, and on such occasions told him to take the car.*

Young DeGeorge, who was a disinterested witness, admitted he allowed Cacchione to drive the car on a number of social dates when he was with him, or when he was tired, and when he was learning to drive in order to pass his driving test; and that he allowed him to use it on the night of the accident. In all other respects the testimony of Mr. DeGeorge and his son completely contradicted all the pertinent parts of Cacchione's testimony, including the fact that Mr. DeGeorge ever knew that Cacchione drove the Oldsmobile; and that Mr. DeGeorge had repeatedly told his son that no one was permitted to drive the Oldsmobile except his son or a member of his family.

Plaintiff of course has the burden of proving, and proving by a fair preponderance of the evidence, that he was entitled to recover under the terms of defendant's insurance policy: *Whigham v. Metropolitan L. Ins. Co.,* 343 Pa. 149, 22 A. 2d 704; and that means he must prove (1) either that young DeGeorge was the insured who was named in the policy, or (2) that the

---

* It did not appear from plaintiff's evidence which car this was, but it did appear from defendant's evidence that it was the business car and not the Oldsmobile.

car on the night of the fatal accident was driven or used by Cacchione with the permission of Mr. De-George. Disregarding defendant's evidence, which establishes beyond any doubt that the named insured was the *father*, Chris DeGeorge, plaintiff proved only (a) that the "named" insured was "Chris DeGeorge"; (b) that both the father and his son are so named; and (c) Mr. DeGeorge bought and paid for the car and also for the insurance on the car. This evidence is utterly insufficient to prove that young DeGeorge was the person covered by the insurance policy. There might be 2 or 10 persons by the name of Chris De-George. Moreover, the fact that Mr. DeGeorge gave his son permission to frequently use the automobile and that Mr. DeGeorge usually used it only on week-ends, is likewise utterly insufficient to prove that young De-George was the person who was insured by the insurance company.

Plaintiff next contends that even if the named insured was Mr. DeGeorge, father of plaintiff's friend Chris, the evidence discloses a course of conduct from which the jury could find that Cacchione was driving on the night of the accident with the implied permission of Mr. DeGeorge.

At the time of the accident, young DeGeorge was neither tired, nor was he aiding Cacchione to learn to drive, nor were they on a mutual date, nor was young DeGeorge even in the car. Moreover, Cacchione did not drive the car in or around Erie, as had been *the extent* of his previous use and custom, but drove approximately 45 miles on a pleasure trip into another State. In order to come within the terms of the policy plaintiff would have to prove that Cacchione was permitted by Mr. DeGeorge to use his automobile on this particular night, or for this particular pleasure trip, or would have to prove that Mr. DeGeorge permitted

Cacchione to use the automobile for his *unlimited* personal pleasure and with no younger member of the DeGeorge family present.

We agree with the able opinion of the Court below that the evidence was insufficient to sustain plaintiff's burden of proving that young DeGeorge was the person who was insured by defendant, or to warrant the submission to the jury of the question of implied permissive use allegedly granted by Mr. DeGeorge to Cacchione for his pleasure trip the night (and morning) of the accident.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.