Ason *v.* Leonhart, Appellant.

Argued September 27, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Bernard F. Quinn*, with him *Quinn, Leemhuis, Plate and Dwyer*, for appellant.

*Irving O. Murphy*, with him *Gifford, Graham, Mac-Donald & Illig*, for appellee.

OPINION BY MR. JUSTICE BELL, December 1, 1960:

Leonhart, the original defendant in Zella Ason's suit and the defendant in Ruth Warner's suit, asks for judgment n.o.v. or, in the alternative, for a new trial. Both motions were refused by the lower Court. The cases were tried in the Court below and argued together in this Court.

Mrs. Ason, plaintiff in the first case, was a guest passenger in a car driven by Mrs. Warner, who was the plaintiff in the second case. Both actions were commenced against Robert Leonhart, the driver of the vehicle which crashed into the other car. In Mrs. Ason's case Leonhart joined Mrs. Warner as an additional defendant, and in Mrs. Warner's case defendant counterclaimed for damages.

On September 6, 1957, at approximately 11:10 p.m., Mrs. Warner with Mrs. Ason as a passenger drove her car out of Mrs. Ason's (rural) driveway onto Route 20. Route 20 was a three lane improved highway. Mrs. Warner intended to drive east and in order to do so had to cross the highway and turn left. The testimony on behalf of Mrs. Warner and Mrs. Ason was that Mrs. Warner as she came out of the driveway stopped and looked both ways for traffic; she allowed one or two cars coming from her right to pass in front of her; she then looked both ways and seeing nothing coming drove out onto the highway. Route 20 curved toward the north, with the result that according to plaintiff Mrs. Warner had a visibility to the east of about 190 feet, and according to defendant a visibility of about 300 feet. According to plaintiffs' testimony, Mrs. Warner crossed the highway and was traveling in her right-hand lane at least two car lengths before the accident. She did not see defendant, who was approaching from the opposite direction with his headlights on, until he was almost upon her. She attempted to justify this failure by the curve and by the *assumed* great speed of defendant's car. According to plaintiffs' version, defendant must have lost control of his car because he suddenly crashed into her car, which, we repeat, was in her right-hand lane. According to defendant's testimony, Mrs. Warner suddenly shot out of the Ason driveway and confronted with the sudden emergency he put on his brakes, turned to his left to avoid the collision and ran into her car. Defendant was corroborated in material respects by two children aged 11 and 12. According to defendant this collision resulted from an emergency which was created by Mrs. Warner's sudden and negligent darting onto the highway.

All three suffered severe injuries. The jury, as we shall hereinafter discuss, found a verdict finally in

favor of Mrs. Ason against Leonhart in the amount of $5500.03, and in favor of Mrs. Warner against Leonhart for $1926.44. The verdict in favor of Mrs. Warner was for medical and hospital expenses, auto repairs and wages lost, but nothing for pain and suffering.

In considering defendant's motion for judgment n.o.v., it is hornbook law that the evidence must be considered in the light most favorable to the verdict winner, and she must be given the benefit of every reasonable inference of fact arising therefrom, and any conflict in the evidence must be resolved in her favor: *McDonald v. Ferrebee,* 366 Pa. 543, 79 A. 2d 232; *Volk v. Cacchione,* 395 Pa. 636, 150 A. 2d 849; *Levenson v. Lustman,* 365 Pa. 244, 74 A. 2d 134.

This case is obviously one which presents a jury question and can best be determined by the verdict of a jury. We find no merit in appellant's motion for judgment non obstante veredicto.

Appellant seeks alternatively a new trial because the verdict was against the weight of the evidence, the verdict was capricious and unjustifiable, and the Court committed trial errors. In considering whether a verdict is capricious or is against the weight of the evidence, the test is whether, considering *all* of the evidence, the lower Court committed a clear abuse of discretion: *Ferruzza v. Pittsburgh,* 394 Pa. 70, 145 A. 2d 706; *Clewell v. Pummer,* 388 Pa. 592, 131 A. 2d 375 [citing a dozen recent cases]; *Kiser v. Schlosser,* 389 Pa. 131, 132 A. 2d 344[2]. See also the 23 cases cited in the footnote in *Sherman v. Manufacturers Light and Heat Company,* 389 Pa. 61, 68, 132 A. 2d 255.

In *Kiser v. Schlosser,* supra, the Court said (page 132) : ". . . The determination of whether a verdict is against the weight of the evidence, so that a new trial should be granted, rests primarily within the discretion of the trial court, and its action will not be dis-

turbed unless there is *a palpable abuse** of that discretion as determined from a careful review of the *entire* record. . . ."

We find no merit in appellant's contention that the verdict was capricious or was against the weight of the evidence.

Defendant contends that a new trial should be granted because the charge of the trial Judge was inadequate. The Court correctly charged on the subject of negligence and contributory negligence. The trial Judge asked counsel three times if there was anything further they would like him to charge on. Defendant had several requests and took several exceptions, but none of them related to the inadequacy of the charge. A party may not sit silently, take his chances on a verdict, and if it is adverse complain of the inadequacy of a charge or errors which could have been corrected if brought to the Court's attention properly and timely, unless the errors are basic and fundamental. It is only when errors are basic and fundamental and cannot be corrected at the trial that this Court will consider them under a general exception: *James v. Ferguson,* 401 Pa. 92, 162 A. 2d 690; *Keefer v. Byers,* 398 Pa. 447, 159 A. 2d 477; *McDonald v. Ferrebee,* 366 Pa. 543, 79 A. 2d 232; *Segriff v. Johnston,* 402 Pa. 109, 166 A. 2d 496.

Defendant's other point which is worthy of note is the action of the jury which he says demonstrates that the verdict was capricious, and in the interest of justice a new trial should be granted.

The jury deliberated over 10 hours. In *Warner v. Leonhart* the jury returned a verdict for plaintiff for $1926.44, which was the amount of her expenses, with nothing given for pain and suffering. In the case of *Ason v. Leonhart and Ruth Warner,* the jury's verdict

---

* Italics throughout, ours.

was "for the plaintiff for $5500.03." The jury did not say whether its verdict was against one or both of the defendants. The Court then said to the jury: "The verdict in the case of Zella Ason v. Robert Leonhart and Ruth Warner is incomplete to this extent—do you find the verdict against one defendant or against both defendants? In the case of Robert Leonhart and Ruth Warner you say you find for the plaintiff, Zella Ason, but you do not say whether it is against one defendant or both defendants.

"By the Foreman: I am sorry, I guess that is my error, your Honor. It should be against both.

"By the Court: Then the verdict is inconsistent. You found for Ruth Warner in one case and you could not find against her in another case. That makes the verdict inconsistent so you have got to say which you find. I cannot tell you how to find, but I have to tell you that. I will ask everybody to leave the room and let the Jury have this room. You will have to talk that out among yourselves, I can't tell you what to do."

Defendant objected to any further consideration by the jury. After 15 minutes of deliberation the jury found the verdict for plaintiff Zella Ason and against Leonhart in the sum of $5500.03. Defendant contends that inconsistent verdicts can be corrected only by the grant of a new trial. We do not agree. There was no contention or suggestion that the Court coerced or unduly influenced the jury in reaching its verdict. We agree with Judge Rossiter, who, speaking for the Court en banc, said: "Having in mind that one of the very purposes in combining trials growing out of the same accident is to prevent inconsistent verdicts the trial judge felt, under the circumstances, the only sensible thing to do was recommit the case to the jury and the verdict finally received, irrespective of a prior inconsistent verbal statement of the foreman, was as above stated. The court en banc does not feel that the trial

318

judge committed error with respect to this particular matter".

When two or more cases are tried together, experience has demonstrated that the jury sometimes becomes confused or renders inconsistent verdicts. The purpose of combining trials is two-fold: one to prevent inconsistent verdicts, and another to eliminate trial delays and speed litigation. In such trials, we think it is justifiable and sometimes advisable for a trial Judge to point out to a jury that its verdicts are inconsistent and that they should deliberate further on the subject.

We have considered all the other contentions made by appellant but find no merit in any of them.

The judgment in each case is affirmed.

Mr. Chief Justice JONES and Mr. Justice BENJAMIN R. JONES dissent.