**LIBERTY MUTUAL INSURANCE CO.,**
Plaintiff-Appellee,

v.

**OHIO CASUALTY INSURANCE CO.,**
Defendant-Appellant.

No. 18391.

United States Court of Appeals
Sixth Circuit.

Dec. 6, 1968.

John Sandidge, Louisville, Ky., Fielden Woodward, Woodward, Hobson & Fulton, Louisville, Ky., on brief, for appellant.

**34**

Henry R. Heyburn, Louisville, Ky., Gavin H. Cochran, Clay L. Morton, Marshall, Cochran, Heyburn & Wells, Louisville, Ky., on brief, for appellee.

Before PHILLIPS, COFFIN,* and COMBS, Circuit Judges.

PER CURIAM.

This is a declaratory judgment action between two insurance companies as to which company's policy of liability insurance afforded primary coverage for liability on account of claims growing out of a fatal automobile accident in Louisville, Kentucky.

The automobile in question was used by Ronald Cooke, a nineteen year old student at the University of Louisville, and was registered in the name of his mother. His parents gave him permission to take the automobile to college. Cooke and Jon B. Williams, a fraternity brother, double-dated at a fraternity party. Cooke became ill, asked Williams to drive Cooke's girl friend home, and gave Williams permission to drive his own girl friend home, delivering to Williams the keys to the car. After Cooke's girl friend had been escorted safely to her home, an accident occurred resulting in the death of the young lady who had a date with Williams.

District Judge Henry L. Brooks, sitting without a jury, heard the case on stipulation and depositions and held that at the time of the accident Williams was using the car with implied permission of Cooke's parents. Judgment was rendered in favor of the appellee insurance company, which was insuror of Jon B. Williams, for the amount paid out by it for the wrongful death of the young lady who was killed in the accident, plus the amounts expended by appellee for costs and attorney's fees.

Appellant contends that there was not any evidence to support the finding that at the time of the accident Williams was using the car with the implied permission of the named insureds.

The insurance policy issued by appellant to Cooke's parents contains the following definition of the word "insured:"

"III. Definition of Insured. (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes * * * any person while using the automobile * * *, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either."

Among the pertinent findings of fact of the District Judge are the following:

Prior to the accident the automobile in question, along with four other cars, had been owned and kept by Cooke's parents as a family-purpose automobile for the use, benefit, pleasure and convenience of their family and household, including their son, Ronald. The son had been driving one of his parents' automobiles ever since he became sixteen years of age and had the complete use of at least one of the family cars since that time. He entered the University of Louisville in September 1961 and kept one of his parents' cars with him at the University during his freshman and sophomore years. When he returned to the University in 1963, his junior year, he again took with him one of the family automobiles owned by his parents. The cars which he used at college for all practical purposes were considered to be his own. At the time he took to Louisville the car which later was involved in the fatal accident, neither his father nor mother gave him any instructions as to who would or would not be permitted to drive or use it. The parents had never made any rules regarding the use of any of the automobiles, although on one occasion several years prior to the accident the father advised the son not to drive any other person's car and also not to let his car be used by other people unless it was "necessary." While he

---

* Honorable Frank M. Coffin, Judge of the United States Court of Appeals for the First Circuit, sitting by designation.

was away at college the determination of when it was "necessary" was left to the son's unrestricted discretion. From the time the son took the car to the University until the fatal accident, it was completely under his custody and control with the knowledge and permission of his parents. On one other occasion prior to the accident Cooke had permitted Williams to use and drive the car while unaccompanied by Cooke.

We conclude that the District Court did not err in holding under the record in this case that the general blanket permission which the parents gave when the son took the car to college was broad enough to imply their permission for the son to authorize his fraternity brother to use it under conditions so natural as presented here. See Third National Bank of Ashland v. State Farm Mutual Auto Insurance Co., 334 S.W.2d 261 (Ky.). We do not construe Maryland Casualty Co. v. Hassell, 426 S.W.2d 133 (Ky.), to require a different conclusion.

Affirmed.