## The Travelers Insurance Company v. Harleysville Insurance Co.

*John R. Warner,* for The Travelers Insurance Company.

*J. Joseph Herring, Jr.,* for Harleysville Insurance Co.

BLOOM, *J.,* November 1, 1977 — Plaintiff filed a petition for declaratory judgment under the provisions of the Act of June 18, 1923, P. L. 840, 12 P. S. § 831. It seeks an order of this court declaring

that the public liability insurance coverage and property damage insurance coverage of defendant Harleysville Insurance Company is primary with respect to claims arising out of a certain automobile accident.

From the record, it appears that an accident occurred on the Atlantic City Expressway on June 15, 1975, causing a plethora of severe injuries and at least two deaths. Several law suits have already been instituted, naming as defendants, inter alia, Karen Kelly, Mitchell G. Daher and Mitchell V. Daher.

The accident occurred when an automobile owned by Mitchell G. Daher, father, but given by him to the complete custody and control of his son, Mitchell V. Daher, and then and there operated by Karen Kelly, crossed from the westbound to the eastbound lanes, resulting in a collision with two eastbound vehicles.

Kelly was operating the vehicle with the express permission of Daher-son, who was sitting next to her at all times.

In addition to the above facts, the record fairly indicates that Daher-father was the named insured on the Harleysville policy; that the car, while titled in Daher-father's name, was intended by him as a gift to Daher-son, over which Daher-son had complete control; that in spite of this latter fact, Daher-father attempted to restrict use of the vehicle to Daher-son alone; that Kelly was operating the vehicle for her own benefit and that of Daher-son; that Harleysville has denied coverage to Kelly; and that should Harleysville's position be upheld, Travelers would have to provide coverage to Kelly.

In considering a petition for declaratory judgment, the following three general principles must be taken into account:

1. Declaratory judgments are not obtainable as a matter of right, but the granting of same are matters for the sound discretion of the court: Keystone Ins. Co. v. Warehousing and Equipment Corp., 402 Pa. 318, 165 A.2d 608 (1960); Seeley v. State Farm Mutual Auto Ins. Co., 65 Lack. L. J. 14 (1964); Johnson Estate, 403 Pa. 476, 171 A.2d 518 (1961).

2. The presence of antagonistic claims indicating imminent and inevitable litigation coupled with a clear manifestation that the declaration sought will be a practical help in ending the controversy is essential to the granting of relief by way of declaratory judgment: Liberty Mutual Ins. Co. v. S.G.S. Company, 456 Pa. 94, 318 A.2d 906 (1974); Lifter's Estate, 377 Pa. 227, 103 A.2d 670 (1954).

3. Declaratory judgments must not be employed for determination of rights in anticipation of events which may never occur, or in consideration of moot cases, or as a medium for rendition of advisory opinions: Johnson Estate, supra; Philadelphia v. Phila. Transportation Co., 404 Pa. 282, 171 A.2d 768 (1961).

Harleysville did not file preliminary objections to Traveler's petition, and nowhere in any of defendant's pleadings or trial memorandums is there any serious questioning as to whether the above three criteria are present here. Moreover, the court, by its own review of the facts and issues of this case, determines that the issue presented here is one

that is ripe for judicial determination, by way of declaratory judgment.

The narrow question presented for the court's resolution is whether Kelly was operating the vehicle in question with the permission, either express or implied, of owner Daher-father. If she was, then Harleysville would have to provide coverage to her under the terms of its policy with Daher-father.

"Part I — Liability — Persons Insured.

"The following are insureds under Part I (Liability):

"(a) With respect to the owned automobile;

"(1) the named insured and any resident of the same household,

"(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission; and

"(3) any other person or organization, then only with respect to his or her or its liability because of acts or omissions of the insured under (a) (1) or (2) above."

Defendant Harleysville has presented a line of cases holding that a named insured's restriction as to use of his automobile by the first permittee only is sufficient to relieve the named insured's carrier from the obligation of coverage if an accident occurs while the vehicle is being operated by someone other than the first permittee, even though the driver had permission from the first permittee: Aetna Casualty & Surety Co. v. De Maison, 213 F.2d 826 (C.A.3d Cir. 1954); Volk v. Cacchione,

395 Pa. 636, 150 A.2d 849 (1959); Helwig v. Esterly, 205 Pa. Superior Ct. 185, 208 A.2d 10 (1965).

The court feels that all of those cases are distinguishable from the present fact situation, in that the cases cited by defendant all involved a vehicle in which the named insured was both the legal and equitable owner and over which the named insured had complete control, even as to designation of the first permittee. That is not the case here. Daher-father was the owner of record and the named insured. But the car was a gift from Daher-father to Daher-son and in Daher-father's name for insurance purposes only. Daher-son at all times exercised complete control of the vehicle, and Daher-father risked incurring the wrath of his son whenever the father used the car, which was less than one percent of the time.

As previously stated, the evidence and the surrounding circumstances all point inexorably to the conclusion that the car herein was an outright gift from father to son, with son having complete control over its use and amenities. Daher-father relinquished all dominion and invested same in Daher-son. The only incident of control which Daher-father claims to have retained is that of restricting the use of the vehicle by parties other than his son, but the evidence indicates that, if this command was ever given, it was certainly not followed or enforced.

Accordingly, when Daher-father accorded Daher-son unfettered use of the vehicle, then it would be an illogical conclusion indeed for us to accept that Daher-son did not have implied per-

mission to entrust the vehicle to other drivers, and that these other people, by a theory of transferred intent, did not have the implied permission of Daher-father.

There are other factors involved here which also lead the court to the conclusion that Kelly had the implied permission of Daher-father and is thus afforded coverage under the Harleysville policy.

The use to which the automobile was being put at the time of the accident was within the scope of the initial permission from the named insured to first permittee; second permittee was driving with the first permittee as a passenger, and, therefore, permission from the named insured to the second permittee must be implied: Maryland Casualty Co. v. Marshbank, 226 F.2d 637 (C.A.3d Cir. 1955).

Also where similar policy provisions have been considered in other jurisdictions, with factual allegations analogous to the case in point, a similar conclusion (i.e., directing coverage for the second permittee) has been reached:

1. Second permittee operating the vehicle with first permittee as passenger: M.F.A. Mutual Ins. Co. v. Mullin, 156 F. Supp. 445 (W.D. Ark. 1957); Costanzo v. Pa. Threshermen and Farmers' Mutual Cas. Ins. Co., 30 N.J. 262, 152 A.2d 589 (1959); Teague v. Tate, 213 Tenn. 269, 375 S.W.2d 840 (1964).

2. Second permittee driving in the presence of the original permittee, where latter, by virtue of the broad scope of initial insured's permission, had implied authority to allow others to use his car: Touchet v. Firemen's Ins. Co. of N.J., 159 So. 2d 753 (3d Cir. La. 1964); Melvin v. American Auto Ins. Co., 232 Md. 476, 194 A.2d 269 (1963).

3. Second permittee operating the vehicle for the benefit or advantage of first permittee: State Farm Mut. Ins. Co. v. Automobile Underwriters, Inc. 371 F.2d 999 (C.A. 7th Cir. 1967).

4. A second permittee has been afforded coverage where the situation is such that the first permittee has been given unfettered dominion over the automobile (as is the case here): Standard Accident Ins. Co. v. New Amsterdam Casualty, 249 F.2d 847 (C.A. 7th Cir. 1957); Travelers Corp. v. Kaminski, 304 F. Supp. 481 (D. C. Md. 1969); State Farm Mut. Ins. Co. v. Williamson, 331 F.2d 517 (C.A. 9th Cir. 1964).

5. A general blanket permission to first permittee is implied permission to second permittees: Liberty Mutual Ins. Co. v. Ohio Casualty Ins. Co., 404 F.2d 33 (C.A. 6th Cir. 1968); Ohio Casualty Ins. Co. v. Penna Nat. Mut. Cas. Ins. Co., 238 F. Supp. 706 (D. C. Md. 1965).

6. In National Farmers Union Property and Casualty Co. v. State Farm, 277 F. Supp. 542 (D. C. Mont. 1967), coverage was extended to the second permittee, operating the car for the benefit of the original permittee, even though the named insured had expressly forbidden such a use.

Consequently, the court concludes that the gift of the car from Daher-father to Daher-son carried with it unfettered use and discretion, thus giving implied permission of the named insured to all permittees of the son.

Plaintiff further contends that this case should also be considered under the law of New Jersey, as that is where the accident occurred. However, in the filing of this petition and the answer thereto,

both parties have chosen to make Pennsylvania the battleground, and no issue was raised as to New Jersey jurisdiction. Furthermore, Pennsylvania is the place of making of the contract, the premiums were determined by Pennsylvania drivers' records, and the policy provisions were approved by the Pennsylvania Insurance Department. Hence, the court sees no merit in considering New Jersey law in this case.

Therefore, we enter the following

## ORDER

And now, November 1, 1977, after consideration of briefs submitted by respective counsel, it is hereby ordered and decreed that Harleysville Insurance Co. has the primary obligation of providing coverage to Karen Kelly under its policy issued to Mitchell G. Daher.